2007 UT App 187

**Shirley OTTMAN, Plaintiff and Appellant,**

**v.**

**Kenneth BALDWIN and Collette Baldwin, Defendants and Appellees.**

**No. 20060209–CA.**

Court of Appeals of Utah.

June 1, 2007.

Rehearing Denied July 27, 2007.

Chad C. Shattuck and Steven C. Tycksen, Murray, for Appellant.

Russell A. Cline, Salt Lake City, for Appellees.

Before Judges GREENWOOD, BILLINGS, and ORME.

MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶1 In this boundary dispute case, Plaintiff Shirley Ottman appeals two primary issues. First, Plaintiff claims that the trial court erred in its placement of the legal boundary between her property and Defendants Kenneth Baldwin's and Collette Baldwin's property. Second, Plaintiff asserts that the trial court erred in not ruling that boundary by monument or boundary by acquiescence had been established. We affirm.

¶2 Since at least 1947, the boundary between what is now Plaintiff's and Defendants' properties has been defined by both a metes and bounds call, and reference to an old fence line.[1] Plaintiff asserts that the old fence line boundary is inconsistent with, and takes precedence over, the metes and bounds description. In 1994, Plaintiff's son, who owns the lot south of Plaintiff's lot, installed a chain link fence near part of the disputed property line. Plaintiff claims that if this fence were extended in a northeasterly direction along the same angle, it would mark the location of the old fence line. Plaintiff further asserts that the old fence line boundary runs further west by approximately 4.9 feet at the south end and 5.8 feet at the north end than the metes and bounds description.

¶3 Plaintiff and Defendants became entangled in this legal dispute in 2003, when Defendants began construction of a wall along what they believed to be the eastern perimeter of their property, consistent with the metes and bounds boundary. Plaintiff obtained a preliminary injunction halting construction of the wall, alleging that it trespassed on her property. At trial, prior owners, surveyors, the parties, and others presented inconsistent testimony regarding the years when a fence existed between the two properties, its state of repair, and most importantly, its location.

¶4 At the end of trial, the court agreed with Defendants that the correct boundary, the one along which they began construction of their wall, conformed to the metes and bounds description in both Plaintiff's and Defendants' deeds. The trial court also found that the location of the old fence line referred to in the deeds could not be determined and ordered that reference to the old fence line be removed from the legal description of both parcels. The trial court also concluded that boundary by acquiescence did not apply

1. The deeds to both properties contained an identical call, or reference, to the boundary between them: "then following said fence line north 2 degrees east, 361 feet more or less to the center of Little Cottonwood Creek."

because the parties did not mutually acquiesce in any particular fence line as the boundary between the adjoining parcels. Further, the trial court reached no conclusion regarding boundary by monument, presumably because Plaintiff had not established the location of a monument. Plaintiff appeals the trial court's findings regarding the placement of the boundary, as well as its refusal to find boundary by monument or boundary by acquiescence.

¶ 5 The trial court's factual determinations regarding the location of the boundary line and elements of both boundary by acquiescence and boundary by monument are entitled to deference on appeal and will not be reversed absent clear error. *See Saleh v. Farmers Ins. Exch.*, 2006 UT 20, ¶ 28, 133 P.3d 428. The trial court's legal conclusions regarding these issues are reviewed "for correctness, according the trial court no particular deference." *Orton v. Carter*, 970 P.2d 1254, 1256 (Utah 1998); *see also Clark v. Smay*, 2005 UT App 36, ¶ 7, 110 P.3d 140.

¶ 6 Plaintiff contends that the trial court erred in its placement of the legal boundary, and in finding that Defendants' wall, which is erected along this line, did not constitute a trespass on Plaintiff's property. In particular, Plaintiff challenges the trial court's reliance on the testimony of Defendants' expert, as well as that of Defendants' predecessors in interest, instead of the testimony of Plaintiff's son and the president of an irrigation company.

¶ 7 "The doctrine that shapes and guides judicial review is that it is not within the province of an appellate court to substitute its judgment for that of a front line factfinder except when exceptional circumstances warrant more rigorous scrutiny." *In re Z.D.*, 2006 UT 54, ¶ 24, 147 P.3d 401. In this case, there is substantial evidence to support the trial court's findings that the boundary between the two properties follows the metes and bounds reference in both deeds, and that an old fence line, which does not currently exist, at one time also marked this boundary.

¶ 8 First, both Plaintiff's and Defendants' experts agreed on the location of the boundary based upon the metes and bounds description. Second, Defendants' expert, who surveyed the property in 1996 before Defendants purchased it, testified that "the deed line and the fence line are exactly on top of each other, or they were." Defendants' expert also testified that he found an old fence post that "match[ed] up with the other 15 posts that we found," which was in line with the metes and bounds description.

¶ 9 Further, the trial court found that Plaintiff's expert's testimony regarding the placement of the old fence line was "incredible," in part because he based his opinion on a survey done in 1973 for a different property. Importantly, the expert's view of the location of the old fence line was based mainly upon a projection, not reference to a fence actually existing, and the projected line did not ultimately connect with the undisputed boundary line between Defendants' property and the property of their neighbors to the north.[2]

¶ 10 Plaintiff relies heavily on her son's testimony that he constructed a chain link fence exactly upon the old fence line. However, the trial court was not required to give more weight to the testimony of Plaintiff's son regarding his placement of the chain link fence than it gave to Defendants' expert's testimony regarding the location of one post in relation to several others. The trial court heard sufficient testimony to find that the metes and bounds description and the old fence line do not contradict each other, as Plaintiff claimed, but operate as references to the same line. This is further supported by additional testimony indicating that there may have been more than one fence between the properties at different times.

¶ 11 Based on these same fact findings, we affirm the trial court's conclusion that boundary by monument was not estab-

2. Plaintiff's expert's testimony was unclear regarding the purpose of two orange stakes displayed in two exhibits at trial. Defendants contend that at least one of those stakes was placed by Plaintiff's expert as a projection of the chain link fence. This view is not inconsistent with the trial court's findings.

lished.[3] Plaintiff correctly cites the monument rule for the proposition that when there is a conflict between a reference to a monument and reference to the metes and bounds description, the reference to a monument takes precedence. *See Clark v. Smay,* 2005 UT App 36, ¶ 8, 110 P.3d 140. The rationale supporting the monument rule is that "monuments are fixed objects, essentially unalterable in their location," and are therefore "more reliable as points on a boundary than computations of courses and distances that are susceptible to human error." *Id.* at ¶ 9. Here, however, the location of the monument—the old fence line—constituted the very crux of this legal dispute, and was far from "reliable," *id.,* in referring to a fixed boundary. Its location was disputed and ultimately found by the trial court not to deviate from the metes and bounds description. Therefore, the trial court correctly refused to establish boundary by monument absent a clearly ascertainable monument.

■ ¶ 12 Next, Plaintiff contends that the trial court erred in not applying boundary by acquiescence. "To establish boundary by acquiescence, a claimant must show '(i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as a boundary, (iii) for a long period of time, (iv) by adjoining landowners.'" *Mason v. Loveless,* 2001 UT App 145, ¶ 17, 24 P.3d 997 (quoting *Orton v. Carter,* 970 P.2d 1254, 1257 (Utah 1998)). "[F]ailure to meet any *one* of the elements of the doctrine defeats the boundary." *Id.* (alteration in original) (internal quotation marks omitted). Further, "[m]utual acquiescence in a line as a boundary has two re-

quirements: that both parties recognize the specific line, and that both parties acknowledge the line as the demarcation between the properties." *Id.* at ¶ 19 (internal quotation marks omitted).

■ ¶ 13 Because the trial court heard contradictory testimony as to the location of the old fence line, Plaintiff was able to provide facts supporting only one of the four required elements of boundary by acquiescence—that the landowners were adjoining. Plaintiff could not establish mutual acquiescence up to any fixed line as the boundary between the adjoining parcels for a long period of time. We therefore affirm the trial court's conclusion that boundary by acquiescence did not apply because Plaintiff "did not sustain her burden of proving that the fence existed continuously in the same place for a period of 20 years."

¶ 14 In conclusion, we affirm the trial court's decision regarding the placement of the legal property line along the metes and bounds description. We also affirm the trial court's decision that neither boundary by monument nor boundary by acquiescence was established.[4]

¶ 15 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.

---

3. Whether a fence qualifies as a called—to monument and whether it then "prevails over the metes and bounds description [is] a question of law." *Clark v. Smay,* 2005 UT App 36, ¶ 7, 110 P.3d 140. Therefore, this court "give[s] no deference to the trial court and review[s] its decision for correctness." *Id.*

4. Plaintiff presents no evidence to support the contention that the trial court did not consider

Defendants' expert's deposition testimony and preliminary injunction testimony in making its final ruling. A review of the trial transcript reveals no support for Plaintiff's contention that relevant evidence was improperly excluded. Finally, because the issues involved in this appeal concern the trial, and not the preliminary injunction, we deny Defendants' request for costs and attorney fees incurred on appeal.